UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| WILLIAM L. COGLIANESE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 4:06-cv-0019-AS |
| ) | |
| MICHAEL J. FEIWELL, RANDY C. EYSTER, ) | |
| FEIWELL & HANNOY, P.C., JP MORGAN ) | |
| CHASE BANK, SELECT PORTFOLIO ) | |
| SERVICES, KIMBERLY A. GILBERT, NANCY ) | |
| J. GARGULA, AND ROBERT E. GRANT ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM, OPINION, & ORDER

This matter is before the court on the Motion to Set Aside Default Judgment (Docket No. 58) filed by Defendant Bank of New York as successor trustee for J. P. Morgan Chase, N.A. ("Bank of New York") on January 11, 2007.  This matter is also before the court on the Objection to the Order of the Magistrate Judge and Motion to Strike "Motion to Substitute" (Docket Nos. 74 and 75) filed by Plaintiff William L. Coglianese ("Plaintiff" or "Coglianese") on February 7, 2007.

I. Background

Plaintiff William L. Coglianese ("Coglianese" or "Plaintiff") filed this action on March 14, 2006.  In his original complaint, Coglianese names JP Morgan Chase as a defendant; Bank of New York is the successor in interest to JP Morgan Chase.  Bank of New York[1] answered the complaint on November 8, 2006.  *See* Docket No. 37.

---

[1] Bank of New York answered the complaint as successor trustee for JP Morgan Chase, N.A.  *See* Docket No. 37.

Coglianese amended his complaint on December 4, 2006.  *See* Docket No. 49.  Per the Court's order, the deadline to respond to Coglianese's amended complaint was January 16, 2007.  See Docket No. 48.  JP Morgan Chase filed its answer to the Amended Complaint on January 16, 2007.  *See* Docket No. 65.

On January 3, 2006, Coglianese filed a Motion for Clerk's Entry of Default as to JP Morgan Chase Bank.[2]  *See* Docket No. 54.  Default judgment was entered against JP Morgan Chase Bank, N.A. on January 8, 2007.  *See* Docket No. 55.

On January 16, 2007, Defendant Bank of New York filed a Motion to Substitute Bank of New York as Successor Trustee for JP Morgan Chase Bank, N.A. as Party Defendant.  *See* Docket No. 63.  Bank of New York filed that motion pursuant to Trial Rule 25(c) and based upon the transfer of interest of the indebtedness under the note and mortgage securing the same indebtedness.  *Id*.  Magistrate Judge Paul R. Cherry granted that motion on January 18, 2007.  *See* Docket No. 68.

Bank of New York filed the present Motion to Set Aside Default Judgment on January 11, 2007.  Coglianese filed a Motion to Strike (Docket No. 71) and Response to Motion to Set Aside Default Judgment (Docket No. 72) on January 25, 2007.  Coglianese filed his Objection to the Order of the Magistrate Judge and Motion to Strike "Motion to Substitute" (Docket Nos. 74 and 75) on February 7, 2007. As of the date of this Order, there has been no response to either motion.  The Court has considered the above-mentioned motions and will deal with them individually.

---

[2]Coglianese also filed a Motion for Clerk's Entry of Default as to JP Morgan Chase Bank on December 21, 2006.  *See* Docket No. 53.

II. Discussion

    A. *Motion to Set Aside Default Judgment*

Once default judgment has been entered, the terms of Fed.R.Civ.P. 60(b) frame the scope of the court's discretion in setting aside judgment. Fed.R.Civ.P. 55(c). Under Rule 60(b)(1), relief may be granted from a default judgment upon a showing that it was a result of mistake, inadvertence, surprise, or excusable neglect." It is within the sound discretion of the court to set aside a default or default judgment. Wright, Miller & Kane, Civil Practice and Procedure 3d § 2693, *Insurance Co. of North America v. Morrison*, 154 F.R.D. 278 (D.C.Fl. 1994), citing Wright Miller & Kane, Civil Practice and Procedure. The movant must demonstrate: "(1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). And "a default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726, F.2d 1202, 1205 (7th Cir. 1984). In cases where the defaulting party has "willfully chosen not to conduct its litigation with the degree of diligence and expediency prescribed by the trial court, this circuit has repeatedly upheld the trial court's denial of a rule 60(b) motion." *Id*.

In this case, however, the entry of default judgment was not due to a lack of diligence or expediency on the part of the Defendant, and the "error" was not within the Defendant's meaningful control. Here, the Defendant filed its answer to the amended complaint within the time allowed and prior to the deadline to respond to the amended complaint. Additionally, a mere three days passed after the entry of default before Bank of New York filed its motion to vacate the default judgment. Accordingly, default judgment should not have been entered and

3

must now be vacated.

  B.  *Motion to Strike*

  Coglianese argues that, on January 16, 2007, JP Morgan Chase Bank, N.A. lacked standing to file its Motion to Substitute because it was a defaulted party as of January 8, 2007. Coglianese cited *Riggs v. Plaid Pantries, Inc*., 233 F.Supp.2d 1260 (D.Or. 2001) in support of his contention that a defaulted party can no longer contest liability.

  As discussed above, however, the Clerk's Entry of Default was in error.  Accordingly, JP Morgan Chase Bank, N.A. is not in default.  The motion to substitute was properly filed.  As such, the Defendant's Motion to Strike is **DENIED**.

  C.  *Objection to the Order of the Magistrate Judge*

  Coglianese filed his objection to Magistrate Judge Cherry's order pursuant to Fed.R.Civ.P 72(a) and (b), asserting that the order is clearly erroneous or contrary to law.  *See* Docket No. 74 at 1.  Coglianese asserted, "Brevity is the soul of wit, but JPMorgan's [sic] Motion is a little to epigrammatic." *Id.* at 2 (footnote omitted).  Specifically, Coglianese argues that the problems apparent in the motion include: "(1) When did the transfer of interest occur?; (2) What interest?; (3) What indebtedness?; (4) What mortgage?; (5) What note?" *Id*.

  Rule 25(c) states:

> In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. . ."

Fed.R.Civ.P. 25(c).  Substitution of a party under Rule 25(c) is within the discretion of the trial court:

4

The most significant feature of Rule 25© is that it does not require that anything be done after an interest has been transferred.  The action may be continued by or against the original party, and the judgment will be binding on his successor in interest even though he is not named." 7A Wright and Miller, Federal Practice and Procedure § 1958, at 664-65 (2d ed. 1986)(footnotes omitted); see e.g., Kaplan v. Joseph, 125 F.2d 602, 606 (7th Cir. 1942).  "The court, if it sees fit, may allow the transferee to be substituted for the transferor. . . . Since Rule 25© is wholly permissive there is no time limit on moving to substitute under its provisions."  7A Wright and Miller, Federal Practice and Procedure § 1958, at 557-61 (2d ed. 1986)(citations omitted).

The decision whether to grant the Motion to Substitute Bank of New York as Successor Trustee for JP Morgan Chase Bank, N.A. as Party Defendant was in the discretion of Magistrate Judge Cherry; this Court sees no reason to disturb Magistrate Judge Cherry's ruling.

III.  Conclusion

Based on the foregoing, the Motion to Set Aside Default Judgment (Docket No.58) is **GRANTED**, and the Clerk's Entry of Default against JP Morgan Chase Bank, N.A. is **VACATED**.  Accordingly, Plaintiffs' Motion to Strike (Docket No. 71) is moot.  The Objection to the Order of the Magistrate Judge and Motion to Strike "Motion to Substitute" (Docket Nos. 74 and 75) are **DENIED**.

**SO ORDERED.**

**DATED: August 27, 2007**

					      S/ ALLEN SHARP                           
					**ALLEN SHARP, JUDGE**
					**UNITED STATES DISTRICT COURT**