## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION AT LAFAYETTE

WILLIAM L. COGLIANESE,       )
                               )
Plaintiff,              )
                               )
       v.             )  No. 4:06-CV-19
                               )
MICHAEL J. FEIWELL, RANDY C.  )
EYSTER, FEIWELL & HANNOY, P.C.,  )
JP MORGAN CHASE BANK, SELECT   )
PORTFOLIO SERVICES, KIMBERLY A.  )
GILBERT, NANCY J. GARGULA, AND  )
ROBERT E. GRANT,          )
                               )
Defendants.            )

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss (D.E. # 61) filed by Defendant Kimberly A. Gilbert ("Gilbert") on January 16, 2007, and on the Motion to Dismiss Federal Defendants (D.E. # 66) filed by Defendants Nancy J. Gargula ("Gargula") and Judge Robert E. Grant ("Judge Grant") on January 16, 2007. For the reasons stated below, both motions to dismiss are **GRANTED** to the extent that all claims against Grant, Gargula, and Gilbert and all claims for declaratory judgment and writs of mandamus are **DISMISSED without prejudice**. Coglianese is given 15 days to amend his complaint to properly state these claims. Failure to do so will result in dismissal with prejudice.

I.  Background

Plaintiff, William L. Coglianese ("Coglianese") filed this action on March 14, 2006. After a series of motions to dismiss filed by Gilbert, Grant, and Gargula, Coglianese amended his complaint on December 4, 2006. (D.E. # 49.) In the Amended Complaint, Coglianese alleges violation of his due process rights because the trustee in a bankruptcy proceeding effectuated the terms of an allegedly improper settlement agreement, which the judge in the bankruptcy proceeding had approved. (Amended Complaint at ¶¶ 27-32 and p. 7.) Coglianese also alleges violation of his due process rights because the bankruptcy judge improperly denied his motion to intervene in the bankruptcy proceeding. (Amended Complaint at ¶¶ 1, 34.) Coglianese seeks damages pursuant to the *Bivens* doctrine and 42 U.S.C. § 1983. (Amended Complaint ¶¶ 3-5.) He also seeks writs of mandamus pursuant to 28 U.S.C. § 1651 and declaratory judgment pursuant to 28 U.S.C. § 2201. (Amended Complaint ¶ 6-9.)

In the currently pending lawsuit, all federal defendants are sued in their individual capacity only. (Amended Complaint ¶ 11.) Defendant Robert E. Grant is the judge in the bankruptcy proceeding currently pending in the Northern District of Indiana (Case No. 03-41391). (See Amended Complaint ¶ 34.) Defendant Kimberly A. Gilbert is the bankruptcy trustee and was appointed on January 20, 2005.

(D.E. # 36 in Case No. 03-41391; Amended Complaint ¶ 28.) Defendant Nancy J. Gargula is the U.S. Trustee.

Coglianese alleges that "at all relevant times" he has owned property commonly known as 7026 W. 135th Avenue, Cedar Lake, Indiana (the "Cedar Lake Property") (Amended Complaint ¶ 12) and that the Cedar Lake Property is a subject matter of a bankruptcy proceeding in the United States Bankruptcy Court in the Northern District of Indiana (Case No. 03-41391) ("bankruptcy proceeding")(Amended Complaint ¶ 16), which was filed on October 24, 2003. Coglianese is not and never has been a party to the bankruptcy proceeding. (Amended Complaint ¶ 16, 33.) Coglianese, however, is related to it because the debtor in the bankruptcy proceeding is his mother, and she granted 90% of the title to the Cedar Lake Property to Coglianese, by quit claim deed recorded December 30, 1999, and 100% of the title to the Cedar Lake Property to Coglianese by quit claim deed recorded October 4, 2000. (D.E. # 63 in Case No. 4:01-cv-50.) Before granting title to the Cedar Lake Property to Coglianese, on June 10, 1998, the debtor executed a mortgage on the Cedar Lake Property to secure a promissory note to National Consumer Services ("NCS"). (D.E. # 69 in Case No. 4:01-cv-50; Amended Complaint ¶ 18.)

The validity of this NCS mortgage has been the subject of a district court litigation in the Northern District of Indiana (*Watson v. National Consumer Services Corp., LLC, et al.*, Case No.

3

4:01-cv-50) (the "*Watson* case"). (Amended Complaint ¶ 17.)  In the *Watson* case the debtor sued NCS and Select Portfolio Services (f/k/a Fairbanks Capital Corporation) ("Fairbanks" or "Select Portfolio") alleging that the NCS mortgage on the Cedar Lake Property was invalid. (D.E. # 69 in Case No. 4:01-cv-50.) Default judgment was entered against both Fairbanks and NCS; however, Fairbanks successfully moved to have the judgment against it set aside because of improper service.  (D.E. # 70 in Case No. 4:01-cv-50; Amended Complaint ¶ 17.)

Subsequently, in the bankruptcy proceeding, on March 20, 2006, Judge Grant approved an agreement between Gilbert and Fairbanks to settle the estate's claim against Fairbanks and NCS in the *Watson* case (*i.e.,* the Compromise and Settlement Agreement). (Amended Complaint ¶¶ 27-30 32; D.E. # 161 in Case No. 03-41391.) Under the terms of this agreement, Fairbanks agreed to pay $3500.00 to the bankruptcy estate[1] and the bankruptcy estate agreed to stipulate to the dismissal of the *Watson* case on the basis that a default judgment against NCS in that case was improper. (Amended Complaint ¶¶ 28-29; D.E. # 144 in Case No. 03-41391; D.E. # 61 in Case No. 4:01-cv-50.) Coglianese believes that the Compromise and Settlement Agreement also involved Fairbanks relinquishing the NCS mortgage

---

[1] This Court has no reason to believe, based on the Amended Complaint, that Gilbert was acting in a capacity other than representative of the bankruptcy estate in entering the Compromise and Settlement Agreement. *See* 11 U.S.C. 323(a).

against the bankruptcy estate. (Amended Complaint ¶¶ 28-30.) Coglianese alleges that the "sole purpose" of the Compromise and Settlement Agreement was to allow foreclosure on the Cedar Lake Property. (Amended Complaint ¶ 31.) Coglianese also alleges that Fairbanks agreed to enter the Compromise and Settlement Agreement to benefit a non-party to the bankruptcy proceeding. (Amended Complaint ¶ 1.) In addition, Coglianese claims that Gilbert, JP Morgan (the successor in interest to the NCS mortgage), Fairbanks, and other named defendants in the presently pending case "do not have competent evidence or proof" that default judgment against NCS was improper. (Amended Complaint ¶¶ 35, 23.)

After receiving Judge Grant's approval, Gilbert took action in the *Watson* case to effectuate the Settlement and Compromise Agreement. (D.E. #s 61, 70 in Case No. 4:01-cv-50; Amended Complaint ¶¶ 27, 32.) Specifically, after the district court substituted her as the plaintiff in the *Watson* case (D.E. #s 62, 70 in Case No. 4:01-cv-50), Gilbert filed a motion to set aside the default judgment against NCS and to dismiss the case with prejudice on March 27, 2006, on the basis that service on NCS was improper. (D.E. #s 61, 70 in Case No. 4:01-cv-50; Amended Complaint ¶¶ 27, 32.) The district court set aside the default judgment and dismissed the *Watson* case, finding that service on NCS was improper because NCS was served in the same manner as Fairbanks (whose default judgment

had already been set aside by previous order of the court). (D.E. #s 61, 70 in Case No. 4:01-cv-50; Amended Complaint ¶¶ 27, 32.)

Prior to the bankruptcy court's approval of the Settlement and Compromise Agreement, Coglianese had filed a motion to intervene in the bankruptcy proceeding, which Judge Grant denied as moot on April 12, 2006. (Amended Complaint ¶ 34.) Coglianese never filed a motion to reconsider this order or Judge Grant's order approving the Compromise and Settlement Agreement. (*See* Case No. 03-41391.) Coglianese also never attempted to appeal either of these orders. (Case No. 03-41391.)

Coglianese instead seeks two writs of mandamus: one against Defendants Gilbert and Gargula compelling them to withdraw the proposed Compromise and Settlement Agreement until he is joined to the bankruptcy proceeding and the other against Judge Grant compelling him to vacate and expunge the order approving the Compromise and Settlement Agreement and the order finding Coglianese's motion to intervene moot. (Amended Complaint pp. 6-7.) Coglianese further requests a declaratory judgment that he, OCWEN Federal Bank,[2] First American Title Insurance Company,[3] and NCS are indispensable parties to "the Compromise and Settlement Bankruptcy Proceeding." (Amended Complaint at p. 7.)

---

[2] OCWEN Federal Bank holds a mortgage on the Cedar Lake Property. (Amended Complaint ¶ 13.)

[3] The title on the OCWEN mortgage is held by First American Title Insurance Company. (Amended Complaint ¶ 14.)

Coglianese also seeks compensatory and punitive damages against Gilbert and other defendants for conspiring to violate his constitutionally protected substantive and procedural due process rights. (Amended Complaint at p. 7.) Coglianese does not seek damages of any kind against Judge Grant or Gargula. (Amended Complaint at p. 7.)

Two motions to dismiss are currently pending before the Court. Defendant Gilbert has moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. She argues that the Amended Complaint fails to state a claim under *Bivens* or 42 U.S.C. § 1983, that the complaint fails to state a claim for mandamus relief, that the complaint fails to state a claim of conspiracy, and that she is entitled to immunity for all of her actions related to Coglianese's claims. Although on January 26, 2007, this Court ordered Coglianese to file a response on or before February 27, 2007 (D.E. # 73), Coglianese has failed to do so. This failure subjects Coglianese to summary ruling on his motion. *See* L.R. 7.1(a).

Defendants Gargula and Grant have moved for dismissal pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. They argue that the Amended Complaint fails to state a claim against Gargula, that Grant is entitled to immunity, that sovereign immunity has not been waived, that the Amended Complaint fails to state claims for mandamus relief and declaratory judgment or in the alternative that this Court does not have jurisdiction

7

over the claim for mandamus relief and declaratory judgment. Coglianese counters that the Amended Complaint properly states a claim for mandamus relief and that the federal defendants' immunity does not foreclose a mandamus action. He also claims without any reasoning or evidence that sovereign immunity has been waived.

II.  <u>Discussion</u>

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a case will be dismissed if the court lacks the statutory authority to hear and decide the dispute. Fed. R. Civ. P. 12(b)(1). In reviewing a Rule 12(b)(1) motion to dismiss, the Court may look beyond the complaint and review any extraneous evidence submitted by the parties to determine whether subject matter jurisdiction exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). When a defendant moves for dismissal pursuant to 12(b)(1), the plaintiff bears the heavy burden of demonstrating that the court has subject matter jurisdiction. *Rogers v. Sugar Tree Prod.*, 7 F.3d 577, 581 (7th Cir. 1993); *Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir. 1979).

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissal is appropriate if the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In assessing the propriety of dismissal under Rule 12(b)(6), the court must accept all well-pleaded factual allegations in the

complaint and the inferences reasonably drawn from them as true and in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). The court need not "ignore any facts set forth in the complaint that undermine the plaintiff's claim," nor must the court give "any weight to unsupported conclusions of law." *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998) (quoting *R.J.R. Services, Inc. v. Aetna Casualty & Surety Co.*, 895 F.2d 279, 281 (7th Cir. 1989)); *see Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

"In ruling on a 12(b)(6) motion, a district court may take judicial notice of matters of public record without converting the 12(b)(6) motion into a motion for summary judgment." *Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000); *see Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S.Ct. 2499, 2509 (2007). Indeed, a district court may properly consider public court documents in deciding motions to dismiss without converting the motion to dismiss into a motion for summary judgment. *Henson v. CSC Credit Services*, 29 F.3d 280, 284 (7th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell*

9

*Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

In addition, this Court will liberally interpret the pleadings of *pro se* litigants such as Coglianese. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nevertheless, Coglianese must still comply with general pleading requirements applicable to all litigants. *See Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985).


A. *Writs of Mandamus*

Coglianese seeks a writ of mandamus against Judge Grant compelling him to vacate and expunge his orders of March 20, 2006, and April 12, 2006, and to join Coglianese, OCWEN Federal Bank, First American Title Insurance Company, and National Consumer Services to the bankruptcy proceeding and the Compromise and Settlement Agreement. (Amended Complaint at p. 6.) Coglianese also seeks a "Writ of Mandamus against Defendants Kimberly A. Gilbert and Nancy J. Gargula compelling Gilbert and Gargula to withdraw the proposed Compromise and Settlement Agreement until indispensable parties Plaintiff William L. Coglianese, OCWEN Federal Bank, First American Title Insurance Company, and NCS are joined to the bankruptcy proceeding." (Amended Complaint at p. 7.)

A court may properly issue a writ of mandamus only when three elements are present: (1) the plaintiff has a clear right to the

10

relief sought; (2) the defendant has a plainly defined and peremptory duty to do the act in question; and (3) no other adequate remedy is available. *Ahmed v. Department of Homeland Sec.,* 328 F.3d 383, 387 (7th Cir. 2003); *Americana Healthcare Corp. v. Schweiker,* 688 F.2d 1072, 1084 (7th Cir. 1982). If the complaint fails to support a finding that a writ of mandamus is appropriate, dismissal of the claim is proper. *Ahmed*, 328 F.3d at 387; *Ryan v. Scibana*, No. 04-C-364, 2004 WL 1946407, *1 (W.D. Wis. August 18, 2004).

Here, the existence of a single adequate remedy is fatal to Coglianese's request for mandamus. Coglianese failed to appeal the bankruptcy court's order approving the Compromise and Settlement Agreement or the bankruptcy court's order finding that Coglianese's Motion to Dismiss Compromise and Motion to Intervene were moot. *See In re UAL Corp.*, 408 F.3d 847, 849 (7th Cir. 2005)("A decision denying a motion to intervene as of right is appealable immediately . . . An appeal from the order denying intervention is the only way to *become* a party."); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986)("The proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution."). Accordingly, Coglianese failed to utilize an adequate remedy at law available to him.

In addition, Coglianese has failed to allege that Grant, Gargula, or Gilbert has clear, nondiscretionary duty to act as

Coglianese requests. Here, Coglianese disagrees with discretionary rulings of the bankruptcy court and Gilbert's subsequent actions in accordance with these orders. Without an allegation of a clear and non-discretionary duty to act in the way Coglianese requests, mandamus relief is inappropriate. *See*, *e.g.,* *Homewood Professional Care Center, Ltd. v. Heckler*, 764 F.2d 1242, 1251 (7th Cir. 1985)("A mere mistake of law or an erroneous factual finding is not the type of clear-cut abuse of discretion or 'usurpation of power' necessary for our use of the extraordinary remedy of mandamus."(quoting *De Beers Consol. Mines, Ltd. v. United States*, 325 U.S. 212, 217 (1945))).

Because the Amended Complaint fails to show that mandamus relief may be an appropriate remedy, Coglianese's claims for writs of mandamus against Grant, Gargula, and Gilbert are **DISMISSED without prejudice**. *See Ahmed*, 328 F.3d at 387. Coglianese is given 15 days to amend his complaint to properly state a claim for mandamus relief. Failure to do so will result in dismissal with prejudice.


*B. Declaratory Judgment*

Coglianese's complaint seeks a declaratory judgment that he is an indispensable party to "the Compromise and Settlement Agreement

12

Bankruptcy Proceeding."[4] (Amended Complaint at p.7). The only use for this declaratory judgment, as best this Court can discern, is to collaterally attack the rulings of the bankruptcy court. As such, this is not an appropriate use for declaratory judgment. *See, e.g., Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392-93 (9th Cir. 1987).

Moreover, a party bringing a declaratory action must allege facts in the pleading showing "that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Koch Refining v. Farmers Union Cent. Exchange, Inc.*, 831 F.2d 1339, 1353 (7th Cir. 1987) (quoting *Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941))); *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 242 (7th Cir. 1986). The party seeking a declaratory judgment must also establish standing to present the declaratory judgment claim, *i.e.*, the plaintiff must show injury to him or her traceable to the conduct of the defendant that is likely to be redressed by a favorable

---

[4] Coglianese attempts to seek declaratory judgment that he, OCWEN Federal Bank, First American Title Insurance Company, and NCS are indispensable parties to the "Compromise and Settlement Bankruptcy Proceeding."(Amended Complaint at p. 7.) Because Coglianese lacks standing to assert the rights of others, this Court construes his declaratory judgment claim to request a declaration that he is an indispensable party to "the Compromise and Settlement Agreement Bankruptcy Proceeding." *See Elk Grove Unified School District v Newdow*, 542 U.S. 1, 12 (2004).

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Koch Refining*, 831 F.2d at 1342.

Here, Coglianese's Amended Complaint fails to satisfy these requirements. At the very least, Coglianese fails to show that there is a substantial controversy between parties having adverse legal interests, which is fatal to his claim. *See Koch Refining,* 831 F.2d at 1341 (7th Cir. 1987)(affirming dismissal of a complaint because the plaintiffs failed to show a substantial controversy between parties in a classically adverse relationship); *In re Justices of Supreme Court of Puerto Rico*, 695 F.2d 17, 21 (1st Cir. 1982)(finding no adverse interests between judges and litigant where the judges' conduct is adjudicatory). Indeed, Coglianese does not seek declaratory judgment against any particular defendant and after review of the Amended Complaint, this Court cannot discern that any defendant has a stake in his indispensability to the "Compromise and Settlement Agreement Bankruptcy Proceeding," much less an adverse legal interest. In addition, because Coglianese has failed to identify a defendant that has adverse legal interests to him, the Amended Complaint fails to allege the requisite connection between the defendants and the injury to establish standing. *Koch Refining*, 831 F.2d at 1354.

Further, although Coglianese has alleged injury as a result of the "Compromise and Settlement Agreement Bankruptcy Proceeding," that certain parties foreclosed on his property, he has not alleged

14

injury that would be redressed by the declaratory judgment
requested. Merely ruling that he was an indispensable party to
"Compromise and Settlement Agreement Bankruptcy Proceeding," would
solve no discernable controversy or alleviate any alleged injury.
As such, this Court can only assume that Coglianese intends to "pave
the way" for another lawsuit by having this Court decide "some but
not all of the facts of this case." *Koch Refining*, 831 F.2d at
1354. This is forbidden under Article III. *Id.*

Because Coglianese has not met his burden of establishing a
concrete and reviewable controversy between himself and some other
defendant, Coglianese's declaratory judgment claim is **DISMISSED
without prejudice.** Coglianese is given 15 days to amend his
complaint to properly state a claim for declaratory judgment.
Failure to do so will result in dismissal with prejudice.


   *C. Judge Grant*

Coglianese asserts that Judge Grant improperly entered an order
approving the Compromise and Settlement Agreement and improperly
denied Coglianese's motion to intervene. (Amended Complaint ¶¶ 27-
38.) Coglianese does not seek damages of any kind against Judge
Grant, nor does he seek injunctive relief against Judge Grant or
declaratory relief against Judge Grant specifically (although he
does seek declaratory relief in general). (Amended Complaint p. 7.)
Rather, Coglianese seeks a Writ of Mandamus against Judge Grant

compelling him to vacate and expunge the order approving the Compromise and Settlement Agreement, to vacate and expunge the order denying Coglianese's motion to intervene, and to join him and other allegedly indispensable parties. (Amended Complaint at p. 6.)

To the extent Coglianese seeks relief other than a writ of mandamus against Judge Grant or declaratory judgment, Coglianese has failed to state a claim against Judge Grant upon which relief may be granted. Judges are entitled to absolute immunity from suit for judicial acts unless he acted in the clear absence of jurisdiction. *E.g., Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Coglianese makes no allegation that Judge Grant acted in the clear absence of jurisdiction, rather, his only allegations against Judge Grant are that he improperly entered an order approving the Compromise and Settlement Agreement and improperly denied Coglianese's motion to intervene. (Amended Complaint ¶¶ 27-38.) These actions are purely judicial in nature because they were taken in the performance of the function of resolving disputes between parties or adjudicating private rights. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 286 (7th Cir. 2004); *Glick v. Koenig*, 766 F.2d 265, 268-69 (7th Cir. 1985). Indeed, it is well settled that judges are entitled to absolute immunity for their judicial rulings. *Glick v. Gutbrod*, 782 F.2d 754, 756 (7th Cir. 1986); *Reed v. Village of Shorewood,* 704 F.2d 943, 952 (7th Cir. 1983).  Accordingly, this Court finds that Judge Grant is entitled to absolute judicial immunity, and any claims against Judge

Grant for damages are thus barred. *Reed v. Village of Shorewood,* 704 F.2d 943, 952 (7th Cir. 1983)("Judges of course have absolute immunity from damage suits based on their judicial rulings.").

Although Coglianese explicitly disavows any official capacity claims, to the extent his Amended Complaint could be so construed, this Court notes that sovereign immunity has not been waived. This is fatal to a claim against Judge Grant in his official capacity. *See, e.g., Clark v. United States*, 326 F.3d 911, 912-913 (7th Cir. 2003) ("To maintain an action against the United States in federal court, a plaintiff must identify a statute that confers subject matter jurisdiction on the district court and a federal law that waives the sovereign immunity of the United States to the cause of action." (citations omitted)).

For the reasons set forth above, the Plaintiff has failed to state a claim against Judge Grant. Accordingly, all claims against Judge Grant are **DISMISSED without prejudice**. Coglianese is given 15 days to amend his complaint to properly state a claim against Judge Grant. Failure to do so will result in dismissal with prejudice.


*D. Kimberly Gilbert*

Coglianese's claim against Kimberly Gilbert stems from her involvement in the Compromise and Settlement Agreement. (Amended Complaint ¶¶ 27-31, 35, 37.) Coglianese seeks a Writ of Mandamus against Gilbert to withdraw the proposed Compromise and Settlement

17

Agreement until he and other allegedly indispensable parties are joined to the bankruptcy proceeding. (Amended Complaint at p. 7.) He also seeks compensatory and punitive damages from Gilbert for "conspiring to violate [his] constitutionally protected substantive and procedural due process rights" (Amended Complaint at p. 7.) To this end, Coglianese appears to allege causes of action pursuant to 42 U.S.C. § 1983 and the *Bivens* doctrine. (Amended Complaint ¶¶ 3 and 5.)

From the factual allegations in the Complaint, Coglianese appears to contend that Gilbert improperly settled his mother's claim against Fairbanks and NCS in the *Watson* case based on the terms of the Compromise and Settlement Agreement. He asserts that Gilbert, Fairbanks, Eyster, Feiwell, Feiwell & Hannoy, and JP Morgan knew he owned the Cedar Lake Property (Amended Complant ¶ 37), that they do not have competent evidence or proof that the default judgment in the *Watson* case was void (Amended Complaint ¶ 35), that in the Compromise and Settlement Agreement Gilbert and Fairbanks agreed to declare the default judgment void in exchange for a $3500.00 payment to the bankruptcy estate from Fairbanks and in exchange for Fairbanks relinquishing its claim against the bankruptcy estate (Amended Complaint ¶¶ 27-30), and that the effect of the Compromise and Settlement agreement was to allow foreclosure on the Cedar Lake Property (Amended Complaint ¶ 31.)

18

From the publicly available docketed documents in the related proceedings, this Court takes notice that Gilbert filed a motion for Judge Grant to approve the Compromise and Settlement Agreement and to authorize her to execute any documents necessary to effectuate the agreement, which Judge Grant approved. (D.E. # 144 in Case No. 03-41391.) This all occurred before Gilbert took any action on the Compromise and Settlement Agreement. In addition, these documents indicate that the Compromise and Settlement Agreement, after it received approval from Judge Grant, settled the estate's claim against Fairbanks and NCS in district court, and converted the claim into money. (Amended Complaint at ¶¶ 28-30.)

Bankruptcy trustees are entitled to quasi-judicial immunity for performing acts under the supervision of judges that are in furtherance of their official duties. *E.g., Henry v. Farmer City State Bank*, 808 F.2d 1228, 1238-39 (7th Cir. 1986); *see also Lonneker Farms, Inc. v. Llobucher*, 804 F.2d 1096, 1097 (9th Cir. 1986)("[A] trustee in bankruptcy or an official acting under the authority of the bankruptcy judge, is entitled to derived judicial immunity because he is performing an integral part of the judicial process"); *Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order."); *Boullion v. McClanahan*, 639 F.2d 213, 214 (5th Cir. 1981) (finding that bankruptcy trustee acted as arm of the court and thus

was entitled to absolute immunity). To this end, bankruptcy trustees are entitled to quasi-judicial immunity if they act pursuant to an order of the bankruptcy court. *Lerch v. Boyer*, 929 F.Supp. 319, 323 (N.D. Ind. 1996); *see Yardkin Valley Bank & Trust Co. v. McGee*, 819 F.2d 74, 76 (4th Cir. 1987) (finding bankruptcy trustee immune if acting "under the direct orders of the court"); *Szeklinski v. Neary*, No. 07-C-222, 2007 WL 777539, *1 (E.D. Wis. March 12, 2007)("Bankruptcy trustees are entitled to quasi judicial immunity for carrying out the orders of the bankruptcy court").

Here, in performing the allegedly wrongful acts which Coglianese now complains, that is, by entering into and effectuating the Compromise and Settlement Agreement, Gilbert was at all times acting pursuant to an official court order and under the supervision of Judge Grant. Moreover, Gilbert's actions, to reduce the debtor's pre-petition causes of action to money, are among a bankruptcy trustee's statutory duties.  11 U.S.C. § 704(a)(1) (requiring bankruptcy trustee to "collect and reduce to money the property of the estate for which the trustee serves"); *Cannon-Stoles v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006)("[T]he estate in bankruptcy, not the debtor, owns all pre-bankruptcy claims"); *Matter of Perkins*, 902 F.2d 1254, 1257 (7th Cir. 1990)("The authority to collect the debtor's assets is vested exclusively in the trustee."). Because Gilbert acted within the scope of her duties under the supervision

of a judge and pursuant to a court order, she is entitled to immunity from Coglianese's damages claims.

Notably too, Coglianese fails to state a claim under 42 U.S.C. § 1983 against Gilbert. Among other requirements, to state a claim under § 1983, a plaintiff must allege that the defendant acted under the color of state law. *Cunningham v. Southlake Center For Mental Health, Inc.,* 924 F.2d 106, 107 (7th Cir. 1991). Here, Coglianese fails to make such an allegation. And this Court cannot discern that Gilbert or any other defendant acted under the color of state law.

In addition, Coglianese fails to state a claim for a conspiracy. A plaintiff claiming a conspiracy is required to allege the parties, the general purpose, and the date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Here, Coglianese's Amended Complaint, at least vaguely, sets forth parties and purpose, but fails to set forth the date of the alleged conspiracy.

Finally, although Coglianese explicitly disavows any official capacity claims, to the extent his Amended Complaint could be so construed, this Court notes that sovereign immunity has not been waived. This is fatal to a claim against Gilbert in her official capacity. *See, e.g., Clark*, 326 F.3d at 912-913.

Accordingly, for the reasons set forth above, Coglianese's claims against Gilbert are **DISMISSED without prejudice**. Coglianese is given 15 days to amend his complaint to properly state a claim

against Gilbert. Failure to do so will result in dismissal with prejudice.

### E. Nancy Gargula

Coglianese's Amended Complaint fails to make any factual allegations against Gargula. Plaintiff, however, does seek relief against Gargula: a Writ of Mandamus to withdraw the proposed Compromise and Settlement Agreement until he and other allegedly indispensable parties are joined to the Bankruptcy Proceeding. (Amended Complaint at p. 7.) As discussed above, Coglianese's request for a writ of mandamus against Gargula is **DENIED**.

In addition, to the extent Coglianese intends to state any other claim against Gargula, his Amended Complaint fails to do so. That is, Coglianese's failure to make any factual allegations against Gargula is fatal. *Black v. Lane*, 22 F.3d 1395, 1401 n. 8 (7th Cir. 1994); *Strauss v. City of Chicago*, 760 F.2d 765, 768 (7th Cir. 1985)("Plaintiff here has set out no grounds upon which his claim rests, an omission that is fatal"); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints").

Finally, although Coglianese explicitly disavows any official capacity claims, to the extent his Amended Complaint could be so construed, this Court notes that sovereign immunity has not been waived. This is fatal to a claim against Gargula in her official capacity. *See, e.g., Clark*, 326 F.3d at 912-913.

For the reasons set forth above, Coglianese's claims against Gargula are **DISMISSED without prejudice**. Coglianese is given 15 days to amend his complaint to properly state a claim for against Gargula. Failure to do so will result in dismissal with prejudice.

*F. Sanctions*

Rule 11 of the Federal Rules of Civil Procedure applies to "anyone who signs a pleading," including *pro se* litigants. Fed. R. Civ. P. 11; *see Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir. 1990). Under Rule 11, a litigant may be sanctioned if a pleading is filed with inadequate legal support, inadequate factual support, or improper purpose. Fed. R. Civ. P. 11(b) and (c).

Coglianese is advised to keep this rule in mind if he chooses to continue with his suit. For example, it appears from filings available in the related cases that Coglianese has not been candid with this Court regarding the fact that his mother deeded the Cedar Lake Property to him after she mortgaged it. In fact, Coglianese goes so far as to allege that has owned the Cedar Lake Property "at all relevant times" and implies that the Defendants have no

legitimate claim on the Cedar Lake Property. In any event, Coglianese is warned that all allegations in any complaint he chooses to file in the future must have legal and evidentiary support, or else he may be subject to Rule 11 sanctions.

III.  <u>Conclusion</u>

Based on the foregoing, both the Motion Dismiss (D.E. # 61) and the Motion to Dismiss Federal Defendants (D.E. # 66) are **GRANTED** to the extent that all claims against Grant, Gargula, and Gilbert and all claims for declaratory judgment and writs of mandamus are **DISMISSED without prejudice**. Coglianese is given 15 days to amend his complaint to properly state these claims. Failure to do so will result in dismissal with prejudice.

**DATED: February 19, 2008**          **/s/ RUDY LOZANO, Judge**
                                      **United States District Court**

24