**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| WILLIAM L. COGLIANESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 4:06-cv-19-AS-PRC |
| | ) | |
| MICHAEL J. FEIWELL *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

This matter is before the Court on two pending motions. First, defendants Michael J. Feiwell, Randy C. Eyster, Feiwell & Hannoy, P.C., and Bank of New York as successor Trustee for J.P. Morgan Chase, N.A. (collectively "Defendants") filed a motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56 or, in the alternative, for Judgment on the Pleadings pursuant to Fed. R. Civ. Pro. 12(c). (Docket No. 102). Second, defendant Select Portfolio Servicing, Inc. ("Defendant SPS") filed a motion for Judgment on the Pleadings under Fed. R. Civ. Pro. 12(c). (Docket No. 105). In his response to Defendants' motion, plaintiff William Coglianese ("Mr. Coglianese") filed a Cross Motion for Summary Judgment. (Docket No. 113 at 10). For the reasons set forth below, this Court **GRANTS** both Motions for Judgment on the Pleadings.

**I. Background**

On February 19, 2008, this Court entered an order ("the February order") granting two motions to dismiss Plaintiff William Coglianese's claims against three of the eight

defendants named in the Complaint. (Docket No. 91). In that order, this Court summarized the extensive history of Mr. Coglianese's claims, of which this Court now takes judicial notice. Id. at 2-8.

Since the February order, which dismissed the case without prejudice as to three defendants, several developments have taken place in this case. First, after Mr. Coglianese failed to respond to the February order within 15 days, the claims against those three defendants were dismissed with prejudice, leaving five defendants left in the case. (Docket No. 92). Additionally, this Court held a status conference on April 28, 2008, in which Mr. Coglianese and council for Defendants and Defendant SPS appeared. (Docket No. 99).

On July 7, 2008, the Defendants filed a motion for Summary Judgment or, in the alternative, for Judgment on the Pleadings. (Docket No. 101). Mr. Coglianese responded to this motion on September 11, 2008 and asked this Court to grant summary judgment in his favor. (Docket No. 113).

On July 29, 2008, Defendant SPS, filed a motion for Judgment on the Pleadings. (Docket No. 104). Mr. Coglianese responded to this motion on September, 15, 2008. (Docket No. 109).

This Court now considers all pending motions.

## II. Jurisdiction

Due to the fact that this case presents a federal question, this Court has jurisdiction over the matter according to 28 U.S.C. §1331. Leavell v. Kieffer, 189 F.3d 492, 495 (7th

2

Cir. 1999). Jurisdiction for the pendant state claims is provided by 28 U.S.C. §1367.

### III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper only if there is no genuine issue as to any material fact, the trial court has properly construed the claims, and the moving party is entitled to judgment as a matter of law. Nebraska v. Wyoming, 507 U.S. 584, 590 (1993). In deciding a motion for summary judgment, a court must view all facts in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for Judgment on the Pleadings after both the complaint and answer have been filed. Generally, 12(c) motions are reviewed under the same standards as Rule 12(b)(6) motions to dismiss, meaning the plaintiff's complaint must satisfy two conditions in order to survive a 12(c) motion for Judgment on the Pleadings. Pisciotta v. Old Nat. Bancorp, 499 F.3d 629, 633 (7th Cir. 2007). First, the plaintiff's complaint "must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." Tamayo v. Blagojevich, 526 F.3d 1074, 1084 (7th Cir. 2008). Second, the complaint must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id.

In addition to examining the sufficiency of a plaintiff's complaint under Rule 12(c), the court may also consider facts asserted in the memorandum of opposition to the 12(c)

motion, to the extent they do not conflict with the complaint. Dausch v. Rykse, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994). Finally, in making a determination under Rule 12(c), this Court will construe the complaint in the light most favorable to the plaintiff, taking the facts alleged to be true and drawing all possible inferences in the plaintiff's favor. Tamayo, 526 F.3d at 1081.

## IV. Discussion

The Defendants argue that they are entitled to either Summary Judgment or Judgment on the Pleadings based upon the law of the case doctrine. The law of the case doctrine suggests "that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case." Arizona v. California, 460 U.S. 605, 618 (1983). Although the doctrine is discretionary, the Seventh Circuit has held that reconsideration of a previously decided issue in a case should only occur in instances of "unusual circumstances or a compelling reason." Wzorek v. City of Chicago, 906 F.2d 1180, 1185 (7th Cir. 1996).

In the instant case the Defendants argue that certain matters in this Court's February order ought to control the outcome of the claims brought against them. First, as to any claim brought under 42 U.S.C. §1983, the Defendants point to this Court's statement in the February order that "This Court cannot discern that Gilbert or any other defendant acted under the color of state law." (Docket No. 91 at 21). Second, as to Mr. Coglianese's conspiracy claim, the Defendants point to the following statement made by this Court in the

February order:

> A plaintiff claiming a conspiracy is required to allege the parties, the general purpose, and the date of the conspiracy. Loubser v. Thacker, 440 F.3d 439, 442 (7th Cir. 2006). Here, Coglianese's Amended Complaint, at least vaguely, sets forth parties and purpose, but fails to set forth the date of the alleged conspiracy.

(Docket No. 91 at 21). The Defendants argue that, under the law of the case doctrine, the aforementioned holdings in this Court's February order should entitle them to summary judgment as a matter of law. (Docket No. 102 at 5).

In response to the Defendants' claims, Mr. Coglianese argues (1) that he brought a Bivens claim against the Defendants, not a §1983 claim and (2) that this Court improperly interpreted the requirements to plead a conspiracy claim under Loubser. (Docket No. 113 at 2-4).

A. §1983 Claim

Turning to the issue of a possible §1983 claim, this Court notes that in his most recent pleadings to the Court, Mr. Coglianese repeatedly insists that he never brought a claim under 42 U.S.C. §1983 against any defendants. This is plausible. However, examination of Mr. Coglianese's complaint reveals ambiguity about the particulars of his constitutional claim.

For example, in his invocation of jurisdiction, Mr. Coglianese brings up both Bivens and §1983, even going so far as to quote the language of §1983. In that same section of his complaint, Mr. Coglianese invokes the jurisdiction of 28 U.S.C. §1343 in order to "cover damages under 42 U.S.C. §1983." (Docket No. 49 at 2). These appear to be the only

mentions of either Bivens or §1983 in Mr. Coglianese's complaint. At no point in the complaint does Mr. Coglianese allege that the Defendants were acting under color of state law, which would indicate that he has brought a §1983 claim, or that the Defendants were acting under the color of federal law, which would indicate a Bivens claim.

Moreover, if Mr. Coglianese merely brought a Bivens claim, there was no need to cite 42 U.S.C. §1983 as a basis for jurisdiction. Instead, jurisdiction would be supplied by 28 U.S.C. § 1331 because a claim under Bivens always presents a federal question. Leavell, 189 F.3d at 495.

This Court recognizes that Mr. Coglianese is proceeding *pro se*, and as such, is not expected to possess deep understanding of jurisdictional nuances. However, this Court also recognizes that Mr. Coglianese's complaint is ambagious and neither the Defendants nor this Court, in its February order, were unreasonable in inferring the presence of a §1983 claim in the complaint.

Nonetheless, since Mr. Coglianese has made it clear in his responsive pleadings that he intended to bring a Bivens claim, this Court will now examine the sufficiency of Mr. Coglianese's claim under Bivens.

B. Bivens Claim

In Bivens, the United States Supreme Court recognized for the first time an implied private action for damages against federal officers alleged to have violated a citizen's

constitutional rights. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Since that decision, the Supreme Court has had the opportunity to define what it has termed the "core holding" of Bivens: the existence of a limited circumstance in which a plaintiff may have "a claim for money damages against *federal officers* who abuse their constitutional authority." (emphasis added). Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 67 (2001) (Rehnquist, C.J.).

In 2001, in Correctional Services Corp. v. Malesko ("CSC"), the Supreme Court declined the invitation to extend the Bivens doctrine to private corporations who commit constitutional harms. Id. In CSC, a prisoner attempted to bring a Bivens action against a private corporation who was acting under contract with the federal government. Id. at 63. Reasoning that "[t]he purpose of Bivens is to deter individual federal officers from committing constitutional violations," the Supreme Court refused to extend Bivens, even in cases where the private actor is acting under the color of federal law. Id. at 70-71.

Additionally, the specific pleading requirements for a Bivens claim are fairly straightforward, as they are nearly identical to the pleading requirements for claims brought under § 1983. Winterland Concessions Co. v. Trela, 735 F.2d 257, 262 (7th Cir. 1984). A Bivens plaintiff does not have to plead facts under the liberal federal notice-pleading rules. Shelby v. Gelios, 2008 U.S. App. LEXIS 12649 (7th Cir. 2008). However, under Bivens, the plaintiff is required to allege that a government official, acting under color of federal law, deprived him of a right secured by the Constitution or laws of the United States. See, e.g.,

7

Christensen v. County of Boone, 483 F.3d 454, 459 (7th Cir. 2007) (setting forth the analogous standard under §1983).

In the instant case, the complaint fails to sufficiently plead a claim under Bivens as to the Defendants and as to Defendant SPS. Although Mr. Coglianese alleges that his constitutional rights have been violated, both his complaint and his responsive pleadings fail to allege that any of the remaining Defendants are federal officials who are acting under the color of federal law. In light of the Supreme Court's clear mandate declining to extend Bivens even to cases where private actors are, in fact, acting under the color of federal law, this Court fails to see how Bivens could possibly apply to the instant case.

Not only has Mr. Coglianese failed to allege that any Defendants were acting under the color of federal law, he has also failed to allege that the Defendants or Defendant SPS are federal officers. To the contrary, he admits that "Feiwell & Hannoy, P.C. is a law firm in which Defendant Michael J. Feiwell and Defendant Randy C. Eyster are attorneys," that "Feiwell & Hannoy and Michael Feiwell have represented Defendant JP Morgan Chase Bank . . . in a foreclosure proceeding against Plaintiff," and that "Select Portfolio is a bankruptcy creditor." (Docket No. 49 at 9).

Again, nowhere in his complaint or in his responsive pleadings does Mr. Coglianese ever assert that any of the remaining Defendants are federal officers acting under the color of federal law. In addition, based upon his responsive pleading, it is clear that Mr. Coglianese recognizes that Bivens only covers federal officers, as he repeatedly and accurately quotes

8

cases detailing this point of law. (Docket No. 113 at 5).

Thus, construing all inferences in Mr. Coglianese's favor, his Bivens claim would still fail due to the fact that the Defendants are not and have not been accused of being federal officers acting under the color of federal law. Accordingly, because Mr. Coglianese has failed to state a claim upon which relief can be granted, both Defendants and Defendant SPS are entitled to Judgment on the Pleadings.

C. Conspiracy Claim

To the extent that Mr. Coglianese has brought a claim for a "Bivens conspiracy" as he repeatedly alleges in his responsive pleading, that claim is dismissed for the reasons stated above. However, even if Mr. Coglianese had properly brought a Bivens action, his conspiracy claim would still fail. Mr. Coglianese is correct that the Seventh Circuit's recent opinion in Loubser states that courts generally, "require the plaintiff to allege the parties, the general purpose, and the approximate date of the conspiracy." Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006).

In its February order, this Court held that Mr. Coglianese did not sufficiently plead the date of the alleged conspiracy. Indeed, examination of Mr. Coglianese's claim fails to set forth even the approximate date of the alleged conspiracy. Even in his responsive pleadings, Mr. Coglianese states merely that "the approximate date of the Bivens conspiracy was the date that Defendants . . . bribed Kimberly Gilbert. . . and on March 20, 2006 . . . ." (Docket Nos 113 at 7, 114 at 6). This Court, Defendants, and Defendant SPS are left to

9

guess when the approximate date of the alleged bribery of Ms. Gilbert occurred.

Mr. Coglianese claims that this Court misinterpreted Loubser and that he adequately pled a conspiracy claim. This Court disagrees for the aforementioned reasons. However, even if Mr. Coglianese had pled the approximate date of the conspiracy under Loubser, his conspiracy claim would still fail due to the lack of an unlawful purpose behind the alleged conspiracy.

Since its holding in Loubser, the Seventh Circuit has had opportunity to further comment on the civil action of conspiracy, reiterating that "a conspiracy is an agreement between two or more persons to accomplish an unlawful purpose" and that "a person may not be prosecuted for conspiring to commit an act that he may perform with impunity." Lunini v. Grayeb, 184 Fed. Appx. 559, 563 (7th Cir. 2006) (holding that a conspiracy complaint cannot survive where the federal officers allegedly conspired to take action that was legal).

In the instant case, Mr. Coglianese argues that Defendants and Defendant SPS conspired to deprive him of his constitutional rights and to allow foreclosure on his home. However, as this Court has determined, Mr. Coglianese never alleged that Defendants and Defendant SPS were government actors. Thus, the remaining Defendants are not bound by the Due Process Clause of either the Fifth or the Fourteenth Amendments of the Constitution. See, e.g., Bloom v. Ill., 391 U.S. 194, 195 (1968) ("The Fifth and Fourteenth Amendments forbid both the *Federal Government* and the *States* from depriving any person of 'life,

liberty, or property, without due process of law.") (emphasis added).

Furthermore, Mr. Coglianese's complaint and responsive pleadings fail to demonstrate how the simple act of Defendants foreclosing upon his home is unlawful, such that actions taken by Defendants or Defendant SPS to further that end would constitute a conspiracy to accomplish an unlawful purpose under Lunini.

In sum, Mr. Coglianese's conspiracy claim fails to the extent that it is a "Bivens conspiracy" because Bivens does not apply to parties unless they are government officers. Further, his conspiracy claim fails because even in his responsive pleadings, Mr. Coglianese fails to allege an approximate date of the conspiracy as is required by Loubser. In addition, Mr. Coglianese's conspiracy claim fails under Lunini because there is no unlawful purpose behind the alleged conspiracy: the Due Process Clause does not apply to these particular Defendants and the alleged purpose behind the conspiracy, namely the foreclosure of Mr. Coglianese's home, is not unlawful.

Accordingly, because Mr. Coglianese has failed to state a claim upon which relief can be granted, both Defendants and Defendant SPS are entitled to Judgment on the Pleadings.

D. Failure to Follow Local Rule 56.1

In his response to Defendants' Motion for Summary Judgment, Mr. Coglianese argues that Defendants' Motion should be stricken for failure to follow Local Rule 56.1. (Docket No. 113 at 1-2). It should be noted that the enforcement of Local Rules is a matter firmly

within this Court's discretion. <u>Weibrecht v. Southern Ill. Transfer, Inc.</u>, 241 F.3d 875, 881 (7th Cir. 2001) ("We afford district courts considerable discretion in interpreting and applying their own local rules."). Thus, even if the Defendants failed to follow Local Rule 56.1, this would not necessarily be fatal to their motion. However, the Court need not reach this argument because this Court has dismissed Mr. Coglianese's claims based upon judgment on the pleadings rather than summary judgment. Accordingly, Local Rule 56.1, which pertains only to motions for summary judgment, has no bearing upon this Court's holding.

### V. Conclusion

For the reasons stated herein, Mr. Coglianese's complaint fails to plausibly suggest that he has a right to relief. Accordingly, the Defendants Michael J. Feiwell, Randy C. Eyster, Feiwell & Hannoy, P.C., and Bank of New York as successor Trustee for J.P. Morgan Chase, N.A., and Defendant Select Portfolio Servicing, Inc. are entitled to Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). Therefore, Defendants' and Defendant SPS's Motions for Judgment on the Pleadings are hereby **GRANTED**. Defendants' motion for Summary Judgment is **DISMISSED AS MOOT**, and Mr. Coglianese's motion for Summary Judgment is **DENIED**. This case is now considered closed.

**SO ORDERED**.
**DATED: October 29, 2008**

                                            /s/ ALLEN SHARP
                                      **ALLEN SHARP, JUDGE**
                                      **UNITED STATES DISTRICT COURT**