UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| WILLIAM L. COGLIANESE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) 4:06-cv-19-AS-PRC |
| | ) |
| MICHAEL J. FEIWELL *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

This matter is before the Court on two Motions to Alter or Amend Judgment (Doc. No. 116, 118) filed by Plaintiff William Coglianese on November 13, 2008 and December 2, 2008, respectively. Therein, Plaintiff requests the Court's reconsideration of its October 29, 2008 order (Doc. No. 115) granting two motions for judgment on the pleadings in favor of the various remaining defendants in the case. Defendants filed no responses.

The extensive procedural history and underlying facts of this case, previously set forth in this court's October 29, 2008 and February 19, 2008 orders, are incorporated herein. No additional facts need be considered in ruling on the instant motion. For the reasons that follow, Plaintiff's motion will be DENIED.

### Standard of Review

Reconsideration is appropriate when the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990).

**Discussion**

Plaintiff makes several arguments in his motion regarding the alleged date of the conspiracy and the alleged unlawful purpose behind the conspiracy. These arguments were rejected in the court's November 13, 2008 order, and the Court will not expend its limited judicial resources reiterating the factual findings and reasoning in its previous order to again reject the same. See Heltzel v. Dutchmen Mfg., Inc., 2008 WL 623192, *2 (N.D.Ind. March 4, 2008) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure") (citing Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D.Ill.1988)).[1]

The only new issue raised by Plaintiff's present motion, not previously addressed by the Court, is the effect, if any, of Dennis v Sparks, 449 U.S. 24 (1980) on the present case. However, the Plaintiff's argument is summarily addressed by a Seventh Circuit decision Fries v. Helsper, 146 F.3d 452 (7th Cir. 1998), stating:

---

1 This Court does merely reiterate that Plaintiff claims that "the approximate date that this Bivens conspiracy took place was *the date Defendants . . . bribed Kimberly Gilbert* by giving Gilbert $3,500.00 to do a favor for JPMorgan Chase Bank and its attorneys, Michael J. Feiwell, Randy C. Eyster, and Feiwell & Hannoy, P.C.; and on March 20, 2006, when Robert E. Grant entered an Order approving the compromise and settlement agreement." (Docket Nos 113 at 7)(emphasis added). There is still no indication of when the alleged bribery took place, and merely stating that the date of the conspiracy was the date of the bribery does not adequately plead a conspiracy. The only date provided by the Plaintiff is the date that an order was entered by Judge Grant. However, Plaintiff clearly indicates by using the word "and" that the bribery took place on a different date. There is no indication of approximately when this date was. Accordingly, this Court continues to reject Plaintiff's argument that the approximate date of the conspiracy was provided in any of the numerous pleadings he has filed during the course of this case.

> Although [petitioner] correctly restated the Court's conclusion that, generally, private individuals act under color of law when jointly acting with a state official to deprive some person of his constitutional right, he failed to mention the Supreme Court's remark immediately following: "[o]f course, merely ... being on the winning side of a lawsuit does not make a party a co-conspirator or a joint actor with the judge." In an attempt to state a claim for relief under § 1983, [petitioner] included only **accusations and conclusory allegations** that the defendants conspired with Judge Kinney and influenced his decisions. As the district court articulated in its opinion, mere allegations of joint action or a conspiracy do not demonstrate that the defendants acted under color of state law and are not sufficient to survive a motion to dismiss. . . . Nothing in the complaint demonstrates the existence of any joint action, concerted effort, or even a general understanding between Judge Kinney and the defendants. In sum, we agree with the district court's determination that Fries failed to demonstrate that the defendants acted under color of law; it was appropriate for the district court to dismiss [petitioner]'s complaint.

Id. at 457-58 (emphasis added and internal citations omitted).

Furthermore, this Court is keenly aware of Plaintiff's status as a pro se litigant and notes that it is elementary that Haines v Kerner, 404 U.S. 519 (1972) is a judicially created equitable procedural decision that gives some benefit to pro se litigants. Nonetheless it remains the burden of pro se litigants to establish some basis for their constitutional claim, and with all deference to all concerned here, this Plaintiff has simply not done so. Thus, based on the foregoing, Plaintiff's Motions to Alter or Amend Judgement are **DENIED**.

**SO ORDERED**.

**DATED: December 23, 2008**               /s/ ALLEN SHARP
                                           **ALLEN SHARP, JUDGE**
                                           **UNITED STATES DISTRICT COURT**